# LOUISIANA PURCHASE EXPOSITION COMPANY, Appellant, v. LUKE M. EMERSON, Respondent.

**St. Louis Court of Appeals.   Argued and Submitted January 11, 1912.   Opinion Filed February 6, 1912.**

1. **APPELLATE PRACTICE: Conclusiveness of Verdict.** It is the province of the trial court to determine whether the verdict is against the evidence, and that determination will not be disturbed on appeal unless the verdict is wholly unsupported by the evidence.

2. **CORPORATIONS: Action on Stock Subscription: Instructions: Commentary on Evidence.** Where, in an action on a subscription to stock in a corporation, the petition counted on a letter from defendant to the president of the corporation, and the letter introduced in evidence recited that defendant would take $2000 worth more of shares, and asked for blanks, and the evidence disclosed the circumstances under which the letter was written, including the fact that defendant had previously subscribed for $500 of stock, an instruction that the letter in itself did not constitute an obligation to subscribe for $2000 worth of stock was not objectionable as commenting on the evidence.   [NORTONI, J., dissents.]

3. ———: ———: ———: ———: **Repetition.** An instruction that a corporation, suing on a stock subscription, must, to recover, prove by the greater weight of the evidence that defendant subscribed for the stock, or authorized some one to subscribe for him, and that the corporation accepted the subscription, was not objectionable as a repetition of other instructions, and as placing too much prominence on certain matters, where the instructions, when construed together, merely placed defendant's theory of the case before the jury in the various aspects of the evidence.

4. **CONTRACTS: Construction: Instructions.** It is the duty of the court to instruct the jury concerning the construction of contracts in evidence.

Appeal from Pike Circuit Court.—*Hon. David H. Eby*, Judge.

AFFIRMED.

163 App.—30

*L. L. Leonard* and *Tapley & Fitzgerrell* for appellant.

(1) Instructions should cover the whole case and should not be so framed as to single out isolated portions of the evidence not in themselves decisive and make the verdict turn upon them. Thompson on Trials, sec. 2328; Weil v. Schwartz, 21 Mo. App. 382; Chappell v. Allan, 38 Mo. 222; Williams v. Stephens, 38 Mo. App. 164; Judd v. Railroad, 23 Mo. App. 62; Capp v. Hardy, 32 Mo. App. 592; Gage v. Mears, 107 Mo. App. 140; McKnight v. Hudson, 116 Mo. App. 551; Steinwender v. Creath, 44 Mo. App. 361. (2) It is error to instruct on points already covered by other instructions. The repetition tends to encumber the record and to confuse and embarrass the minds of the jury and it is also liable to give undue prominence to the proposition repeated. Redmond v. Cotton Mills, 100 S. W. 187; Sizemore v. Railroad, 130 S. W. 1025; 11 Ency. of Pl. and Pr., p. 288 *et seq.*; Buck v. Railroad, 108 Mo. 189; Railroad v. Raslay, 14 Md. 442; Haney v. Caldwell, 43 Ark. 193. (3) The principal is bound by the acts of his agent within the scope of his authority, and where the agent errs or fails, and loss occurs, the damage will fall on the principal who is responsible for the existence of the agency, rather than on innocent parties. Story on Agency, p. 144; 1 Am. and Eng. Ency. Law, 990; Johnson v. Hurley, 115 Mo. 520; Kinrely v. Burd, 9 Mo. App. 362. (4) Although the granting or refusing of new trials, on the ground that the verdict is against the weight of the evidence is a matter particularly for the discretion of the trial court, yet, the appellate court will interfere when it appears that injustice has been done or that the authority of the court has been unsoundly or arbitrarily exercised. Joy v. Cale, 124 Mo. App. 575; Caruth v. Richeson, 96 Mo. 192; Reichenbach v. Ellerbe, 115 Mo. 596; Milem v. Freeman, 136 Mo. App.

117; Ockley v. Staeblin, 56 Mo. 558; Whitsett v. Ransom, 79 Mo. 258; Spohn v. Railroad, 87 Mo. 84; Garrett v. Greenwell, 92 Mo. 125.

*J. D. Hostetter*, for respondent, filed argument.

REYNOLDS, P. J.—This is the second appeal in this case, it having been heretofore in this court on an appeal by plaintiff from an order sustaining a motion for new trial as to the second count in the petition. The action of the circuit court was sustained by this court, the cause going back to the circuit court for trial. The second trial was had on the second count of the petition, the third count having been dismissed and there being a verdict and judgment for plaintiff on the first count on a $500 subscription, from which defendant took no appeal. At this last trial verdict and judgment went in favor of defendant on the second count, which was founded upon an alleged subscription of $2000 to the plaintiff corporation by defendant. From this, after a motion for a new trial and exceptions duly saved, plaintiff has appealed to this court. The opinion of this court on the first appeal will be found under the title Louisiana Purchase Exposition Co. v. Luke M. Emerson, 149 Mo. App. 594, 129 S. W. 753. In the present trial defendant took the stand and was examined as a witness in his own behalf and admitted that the letter written by Mr. Crooks, who was dead at the time of the trial, had been written by the authority of the defendant. The newspaper publications, the admission of which was held error when the case was here before, were not again offered. It was in evidence in this last trial that at a public meeting held in St. Louis for the purpose of promoting the exposition enterprise, defendant had been present and had subscribed, in writing and on a subscription blank, to $500 of stock in the enterprise. After this meeting defendant returned

to his home in Bowling Green, apparently very enthusiastic over the whole scheme. A day or two after his return home he wrote this letter:

"Bowling Green, Mo., 4-24-99.

"David R. Francis, Esq., St. Louis, Mo.

"Friend Francis: I will take ($2000) two thousand dollars worth more of shares. Send me some blanks. The people see now that it is sure to be a success. I saw some gentlemen to-day who will take some shares and there are other 'Pikers' who will do likewise. Everybody through this section is full of enthusiasm about it. I expect to win first prize for jacks, also mules. This Fair will be a grand thing for Missouri for the next four years to come and if all is well we will have a bottle and the toast shall be 'Starry nights and sunny days.' Yours truly,

"LUKE M. EMERSON."

David R. Francis, to whom this letter was addressed, was the president of the Exposition Company. This letter and the subsequent acts of defendant were in evidence and relied upon by plaintiff as proof of defendant's subscription to the additional $2000 of stock in the exposition enterprise. There was evidence on the part of plaintiff tending to show that on several occasions defendant had written and referred to the matter of his having $2500 worth of stock in the enterprise, and on part of defendant there was evidence tending to show that he had not in fact subscribed and had no intention to himself subscribe for the $2000 but intended to procure subscribers when he received proper subscription blanks. Defendant testified positively that he had not taken the additional 2000 shares. There was no evidence that the blanks referred to in the letter were ever sent to defendant by plaintiff, or that he had ever signed any subscription paper except the one for the 500 shares which he had at first taken, or that certificates of stock had ever been issued or tendered him on this alleged subscrip-

tion. The plaintiff had frequently written to him demanding payment, but he had always repudiated the subscription. He did subscribe, pay for and receive certificates of stock for the $500 subscription.

The errors assigned by appellant in the present appeal are to the action of the trial court in refusing a new trial, and to alleged error in giving defendant's instructions 2 and 4. It is also claimed that the verdict is against the law and the evidence and the law under the evidence and against the weight of the evidence and that it should have been against defendant instead of against plaintiff.

The assigned ground that the verdict is against the weight of the evidence, must be overruled. That was a matter for the determination of the trial court after the jury had returned its verdict.

Nor can we say that the verdict is wholly unsupported by the evidence in the case, as we must find in order to disturb it. That there were many contradictions in it, some apparent contradictions even in the testimony of defendant himself, is true, but we cannot say that evidence in support of the verdict is wholly lacking. Its weight was for the jury and the trial court.

Whether the verdict and judgment are against the law, depends on the correctness of the first and fourth instructions given at the instance of defendant. That first instruction is as follows:

"The court instructs the jury that even though you find and believe from the evidence in the cause that the letter numbered Exhibit 16 mentioned in evidence and being the letter dated April 24, 1899, and directed to D. R. Francis, was actually written by one Crooks at the request and under the direction of defendant Emerson, still you are further instructed that such letter in and of itself, independent of the other evidence in the case, does not constitute an obligation

on the part of defendant to subscribe for $2000 worth of shares of stock in the plaintiff corporation.''

The letter referred to is the one heretofore set out. It is complained of this instruction that it contains a comment on the evidence and improperly singles out a portion of the evidence and gives it undue weight in the eyes of the jury. We cannot agree to this proposition. Quoting from the brief of counsel for appellant, ''The second count was upon a letter alleged to constitute in law a further subscription of $2000.'' In short, it was the alleged contract. There was evidence before the jury explaining the circumstances under which the letter was written, and the jury were entitled to a direction from the court as to the effect of that letter and as to whether it conclusively bound defendant to the alleged subscription. Jurors are entitled to direction by the court construing contracts; it is the duty of the court to do this in order to enable the jury to arrive at an intelligent verdict. It is difficult to see how the court could have instructed the jury at all without specifically referring to and interpreting the contract. We do not think that this instruction is an unwarrantable or undue comment on the evidence or at all in conflict with anything that is said in the authorities cited by the learned counsel for appellant in support of this assignment.

The fourth instruction given for defendant and on which error is assigned, is substantially to the effect that before plaintiff can recover it must prove to the reasonable satisfaction of the jury and by the greater weight of the evidence in the case that the ''defendant did subscribe for 200 shares of the par value of ten dollars each, or that he authorized some one to subscribe for him for 200 shares of the par value of ten dollars each, and that the plaintiff accepted said subscription so made by the defendant, if so the jury find, and unless the plaintiff has proven these facts to your reasonable satisfaction by the

greater weight of the evidence, then your verdict should be for the defendant."

The complaint made of this instruction is that it is a mere repetition of the matter set out in the second and third instructions and tended to embarrass and confuse the jury and to give the statements therein contained undue prominence in the minds of the jury and that its giving constituted reversible error. We are unable to agree to this. We find no error in the instruction in itself and are unable to agree that it was a mere repetition of what is contained in the second and third instructions. So far as these three instructions are concerned, they place the defendant's theory of the case before the jury in the different and various aspects of the evidence in the case.

These are the only errors assigned and we hold that they are untenable.

The judgment of the circuit court is affirmed. *Caulfield, J.,* concurs. *Nortoni, J.,* dissents, being of opinion that instruction 1, is an undue comment on the evidence and highly prejudicial to plaintiff for which the judgment should be reversed and the cause remanded.

